### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

In re:

**SUNG HOON PARK,**

**Debtor.**

**Case No. 14-10474-BFK**

**Chapter 7**

### MOTION FOR A RULE TO SHOW CAUSE
### AGAINST ATTORNEY PATRICK R. BLASZ

Comes Now, Judy A. Robbins, United States Trustee, and moves the Court to enter a Rule to Show Cause against Patrick R. Blasz, for him to show cause, if any can be shown, why he should not be held in civil contempt and sanctioned accordingly for his professional conduct in this case. In light of the repeated conduct by Mr. Blasz over multiple cases, the U.S. Trustee contends a monetary sanction of $1,000 and a suspension from practice before this Court of not less than six months is appropriate. In the event a sanction is ordered, the Court should also order Mr. Blasz to report the result to the Virginia State Bar. In support of this motion the following representations are made:

1.       This court has authority to hear and decide this matter. 28 U.S.C. §1334.

2.       This is a core proceeding. 28 U.S.C. §157.

### Statement of Facts

***Mr. Blasz Filed This Case in Violation of a Court Order***

3.       On February 10, 2014, Sung Hoon Park (the "debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code. Case 14-10474, Dkt. No. 1. The petition was signed and filed by Patrick R. Blasz, Esq. *Id.* The debtor's schedules and statement of financial affairs were filed the same day. *Id .*

4.      This is the fourth case filed by Sung Hoon Park since 2010.[1] All of these cases

listed the debtor's address as 14702 Deer Lake Court, Centerville, VA 20120(the "Deer Lake"

property) which is located in Fairfax County Virginia

5.      His most recent, previous case was dismissed with prejudice on December 4,

2013. The dismissal order stated that the debtor may not file another case until 30 days after the

foreclosure on the debtor's home is fully completed with a deed recorded and the debtor has

vacated the property. Case 13-14573, Dkt. No. 23.

6.      Despite that order, the schedules for this case indicate that the debtor is still living

at the Deer Lake property and that no foreclosure took place. The Deer Lake property is still

listed on the debtor's Schedule A, and no foreclosure or transfer of property was disclosed on the

debtor's Statement of Financial Affairs in response to questions 5 and 10. Case 14-10474, Dkt.

No. 24 at 25, 26.

7.      On March 20, 2014 the first meeting of creditors pursuant to 11 U.S.C. § 341(a)

was conducted in this case, with the chapter 7 trustee Janet Meiburger, presiding. A Korean

interpreter was used.

8.      At the § 341(a) meeting, the debtor was questioned about the Deer Lake property.

The debtor testified that his understanding was that the property had not been foreclosed upon

yet and stated that he was still living in the property.

9.      According to the statement of financial affairs filed with the petition, Patrick R.

Blasz received no payments from the debtor, or on behalf of the debtor, within one year

immediately preceding the commencement of this case. *Id.* at 25. According to the 2016(b)

statement filed with the petition, Patrick R. Blasz had agreed to accept no money in connection

---

[1] These were case numbers 10-19039-SSM; 11-11787-RGM; 13-12812-BFK; and 13-14573-RGM, all of which
were filed before this Court.

to this case, had received no money in connection to this case, and there was no balance owed by the debtor. *Id.* at 32.

10.     However, the debtor testified at the § 341(a) meeting that he had not paid counsel yet and did not know how much he was going to pay Mr. Blasz because he had not talked with him about his service fee yet.

### *In the Beverly Jenkins Case, Mr. Blasz also Filed Without Doing Due Diligence Beforehand*

11.     Mr. Blasz has failed to investigate the facts of matters before filing a bankruptcy petition in previous cases. In the Beverly Terry Jenkins case, the United States Trustee filed a Motion to Examine Debtor's Transactions with Debtor's Attorney. Case 12-17005, Dkt. No. 11.

12.     In that case, Mr. Blasz filed a bankruptcy petition on behalf of clients that had already waived their discharges in a previous case, resulting in only a few hundred dollars of debt that would have been dischargeable in the case that Mr. Blasz filed.

13.     In the U.S. Trustee's view this filing served no purpose and so any compensation received by Mr. Blasz would have been unreasonable. Therefore, the U.S. Trustee filed her motion to determine the amount of compensation Mr. Blasz received and to order an appropriate disgorgement, if warranted.

14.     Ms. Jenkins testified in that matter that no compensation was paid to Mr. Blasz in that matter and the case was eventually dismissed.

### *In the Waters' Edge Restaurant Case, Mr. Blasz Also Failed to Obey an Order of This Court and Failed to Disclose His Compensation*

15.     Similarly, Mr. Blasz failed to obey this Court's orders and disclose his compensation in the chapter 11 case of Waters' Edge Restaurant, LLC.

16.     In that case, Mr. Blasz failed to file an employment application and failed to file a 2016(b) statement. *See* Case 13-10867, Dkt. No. 28.

17.    Due to the failure to file these required documents, the United States Trustee filed a Motion to Examine Debtor's Transactions with Debtor's Attorney. Case 13-10867, Dkt. No. 45.

18.    This motion was granted on July 18, 2013 with this Court requiring Mr. Blasz to file within fourteen days of the entry of the order "a disclosure of compensation of attorney for debtor on form 203B" and to "file a description of the services rendered, the time expended, and the expenses incurred in connection with this case." Case 13-10867, Dkt. No. 55.

19.    Despite this Court order, these documents were never filed in this case.

## Memorandum

The U.S. Trustee believes Mr. Blasz's conduct in this case falls below that of a competent attorney admitted to practice before this Court and that sanctions under § 105 of the bankruptcy code are warranted. Here, considering the pattern of conduct over multiple cases, the U.S. Trustee submits that a monetary sanction of no less than $1,000 and a suspension from practice before this Court of not less than six months is appropriate. In the event that a sanction is imposed, this Court should order Mr. Blasz to certify that any sanction has been reported to the Virginia State Bar.[2]

The Court has the inherent authority to impose sanctions to protect the integrity of the bankruptcy system. 11 U.S.C. § 105; *In re Computer Dynamics, Inc*, 253 B.R. 693 ( Bankr. E.D. VA 2000); *In re Smith,* 257 B.R. 344 (Bankr. N.D. Ala 2001). Courts have broad discretion in selecting appropriate contempt sanctions and also possess "the inherent authority to disbar or suspend lawyers from practice." *In re Evans*, 801 F.2d 703, 706 (4th Cir.1986). A bankruptcy court may take any action or make any determination necessary or appropriate to enforce or

---

[2] Virginia Rule of Conduct 8.3(e)(1) requires this reporting to be made. However, requiring Mr. Blasz to certify that the sanction has been reported will help ensure compliance.

implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

Here, the facts indicate that this case was filed in violation of a previous Court order and that Mr. Blasz, either filed the case knowing that the filing violated this Court's orders, or at the very least, did not perform reasonable due diligence prior to filing.[3] As an attorney who has practiced before this court since 2008 Mr. Blasz would be familiar with looking up the past bankruptcy filings of a debtor in the CM/ECF System and reviewing the orders entered in those cases.[4] This was the debtor's fifth filing in three years and, as an experienced bankruptcy attorney, Mr. Blasz should have been on notice that one of those previous cases may have been dismissed with prejudice.

Furthermore, this is not the first time that Mr. Blasz has failed to exercise reasonable diligence prior to the filing of a bankruptcy case. The Beverly Jenkins case should never have been filed since there was essentially no benefit to the debtor in filing the case. This also not the first time that Mr. Blasz has failed to obey a Court order in an important matter. In the Waters' Edge case issues involving his compensation were raised and, despite an order of the Bankruptcy Court, Mr. Blasz never filed the documents required to be filed by every attorney for a debtor to allow this Court to fulfill its duty to review attorney compensation.

The testimony at the § 341(a) meeting in this case illustrates the importance of accurately disclosing attorney compensation. Here, Mr. Blasz filed a 2016(b) statement, in which he indicated that he agreed to accept $0 for providing legal service and that no balance is due from the debtor. But his client's testimony at the § 341(a) meeting, indicated that in fact the debtor intended to pay compensation to Mr. Blasz, but they had yet to reach an agreement on what that

---

[3] Rule 1.3 of the Virginia Rules of Professional Conduct requires lawyers to act with reasonable diligence in representing a client.

[4] The Court's records indicate that Mr. Blasz has appeared as counsel in 48 cases since 2008.

compensation would be.

It is difficult to see how Mr. Blasz could meet the standard for disinterestedness required for employment as debtor's counsel by § 327(a) with this arrangement. It is also unclear whether Mr. Blasz discussed with his client whether this fee for legal services would be discharged by the debtor's bankruptcy filing or if Mr. Blasz could provide this advice without encountering a conflict of interest. At the very least, Mr. Blasz appears to have filed with the Court a 2016(b) statement that was false – conduct which this Court could also appropriately sanction pursuant to its inherent authority under § 105. In light of the repeated pattern of conduct in this case, the U.S. Trustee submits that a monetary sanction and a suspension of practice would be warranted.

Therefore, the United States Trustee moves the Court to enter a Rule to Show Cause against Patrick R. Blasz, Esq. to show cause, if any can be shown, why he should not be held in civil contempt and sanctioned accordingly. The U.S. Trustee submits that a monetary sanction of at least $1,000 and a suspension from practice before this Court of not less than six months would be appropriate. This Court should also order Mr. Blasz to report any sanction he receives to the Virginia State Bar.


March 24, 2014                                    JUDY A. ROBBINS
                                                 U.S. TRUSTEE, REGION 4


                                                 By:   */s/ Bradley D. Jones*
                                                       Bradley D. Jones (VSB No. 85095)
                                                       Trial Attorney
                                                       Office of United States Trustee
                                                       115 South Union Street, Suite 210
                                                       Alexandria, VA 22314
                                                       (703) 557-7228

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2014, a true copy of this motion, notice of motion, and proposed order were served on the following persons by first class U.S. mail, or by notice of electronic filing:

Sung Hoon Park
14702 Deer Lake Court
Centreville, VA 20120
*Debtor*

Janet M. Meiburger
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101-5726
*Chapter 7 Trustee*

Patrick R. Blasz
SPSLE Law & Consulting Firm
10224 Tamarack Drive
Vienna, VA  22182
*Debtor's Counsel*

/s/*Bradley D. Jones*
Bradley D. Jones
Trial Attorney